### Jackson, on the demise of Elkanah Watson, v. John Marsh.

W. WOODS moved, on the common affidavit, for judgment as in case of nonsuit for not proceeding to trial.

*Emott* resisted it by a counter affidavit, setting forth that the cause was duly noticed for *Cayuga* county, but, nine days before the trial, the defendant served a notice to produce papers, which were in *Albany*.

*Emott* stated some circumstances tending to show tricking practice, but nothing of that sort appeared by the affidavit.

*Per Curiam.* What is the distance from the coun-
ty court in *Cayuga,* to *Albany ?*

*Emott.* One hundred and eighty miles.

*Per Curiam.* The plaintiff must stipulate and pay
costs. There is no proof of want of time.

*Van Vechten* now applied to vacate that rule, and
that it be *ordered,* that the amendment be on the
usual terms. This, he said, was necessary, because,
the plea of *non est factum,* which was then proper,
might now be highly-the reverse. The court was
always disposed to set things right, if it lay in their
power. They never could mean that the plaintiff,
who had been guilty of a mistake in his declaration,
should have liberty to amend *that,* and the defend-
ant be held to a plea that might be inapplicable. Be-
sides, there was ample time to give a plea before the
next circuit, and surely the court will not shut out
the defendant from pleading *de novo,* when his first
plea was the result of the plaintiff's mistatement.